IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Alicia Daniel, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:23-cv-1160-BHH |
| v. | ) | |
| | ) | **ORDER** |
| GAT Airline Ground Support, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff Alicia Daniel's ("Plaintiff") complaint alleging claims against Defendant GAT Airline Ground Support, Inc. ("Defendant") for failure to accommodate, retaliation, and discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*  (ECF No. 1-1.)  On March 30, 2023, Defendant filed a motion to dismiss, asserting that Plaintiff's complaint fails to plausibly allege that she is a qualified individual under the ADA or identify any accommodation that GAT failed to provide her.  (ECF No. 5.)

On October 25, 2023, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Thomas E. Rogers issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court deny Defendant's motion to dismiss.  (ECF No. 12.)  Defendant filed objections to the Magistrate Judge's Report, and Plaintiff filed a response to Defendant's objections.  (ECF Nos. 13 and 15.)  For the reasons set forth below, the Court adopts the Magistrate Judge's Report and denies Defendant's motion to dismiss.

## **STANDARDS OF REVIEW**

**I.      Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.*  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.     The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

## **DISCUSSION**

The Magistrate Judge thoroughly outlined the allegations of Plaintiff's complaint in

her Report, and no party has objected to that portion of the Report. Accordingly, the Court adopts and incorporates pages one through four of the Report without further discussion.

Next, in the Report, the Magistrate Judge considered Defendant's argument that Plaintiff's complaint fails to plausibly allege that she was a qualified individual with a disability under the ADA, who could perform the essential functions of her position with or without accommodation. The Magistrate Judge explained that an ADA plaintiff "bears the burden of demonstrating that [s]he is a 'qualified individual,'" *Jessup v. Barnes Grp, Inc.*, 23 F.4d 360, 365 (4th Cir. 2022), and that a plaintiff bringing suit under the ADA "must provide some allegation or allegations specifically indicating that the plaintiff is qualified to perform the essential functions of the job with or without reasonable accommodation." *Blackburn v. Trustees of Guilford Tech. Cmty. Coll.*, 733 F. Supp. 2d 659, 664 (M.D.N.C. 2010). (*See* ECF No. 12 at 6 (quoting the same).) The Magistrate Judge then outlined Plaintiff's allegations, including that she "was qualified for the position for which she held with Defendant and capable of performing her duties, essential or otherwise," and "was qualified for the employment she held with Defendant prior to Defendant's termination." (ECF No. 12 at 6 (quoting ECF No. 1-1 ¶¶ 55, 72).) The Magistrate Judge specifically considered Defendant's argument that Plaintiff does not include any factual allegations regarding the duties of her position or how her proposed accommodations would allow her to perform those duties. Ultimately, however, the Magistrate Judge found Plaintiff's allegations sufficient to allege that she was a qualified individual with a disability who could perform the essential functions of her job. The Magistrate Judge explained:

> Plaintiff argues that the duties of a customer service agent are self-explanatory and that the court should be able to infer that she could perform the essential duties of her position from the allegations that Plaintiff informed

3

> Defendant of her allergens during her interview and, with this knowledge, Defendant offered her the position of Customer Service Agent. This inference is reasonable given the closeness in time between her hire and her termination, and, thus, Plaintiff's allegations are sufficient to allege that she is a qualified individual with a disability. Therefore, dismissal is not appropriate at this stage of the litigation.

(ECF No. 12 at 7.)

In its objections to the Magistrate Judge's Report, Defendant asserts that, contrary to the Magistrate Judge's conclusion, the complaint "only raises threadbare conclusory allegations that Plaintiff was qualified." (ECF No. 13 at 7.) Defendant further asserts that Defendant's mere hiring of Plaintiff is not sufficient to create the inference that she was qualified. (*Id.*)

After *de novo* review, the Court is not convinced by Defendant's objections, and the Court agrees with the Magistrate Judge that the allegations of Plaintiff's complaint are sufficient to plausibly plead that she was a qualified individual under the ADA. (*See, e.g.*, ECF No. 1-1 ¶¶ 8-12; 32-40; and 54-55.) For example, Plaintiff alleges: that she suffers from severe airborne food allergies and is susceptible to anaphylactic shock when exposed; that she informed Defendant of her disability during her interview, and indeed, that she was exposed to an allergen during her interview and needed to take steps to recover from the exposure; and that, immediately following her interview, Defendant offered her the position of Customer Service Agent. (*Id.* ¶¶ 8-12.) Overall, the Court finds the allegations of Plaintiff's complaint sufficient to plausibly allege that she is a qualified individual with a disability who could perform the functions of her job.

In the Report, the Magistrate Judge next considered Defendant's argument that Plaintiff's complaint does not include sufficient facts to allege a plausible failure to

accommodate claim. After setting forth the elements of a prima facie failure-to-accommodate claim, the Magistrate Judge determined, for essentially the same reasons set forth above, that the allegations of Plaintiff's complaint are sufficient to plausibly allege a failure to accommodate claim. (*See* ECF No. 12 at 7.)

In its objections, Defendant asserts that the Magistrate Judge failed to specifically analyze the arguments it made in its motion–that Plaintiff fails "to plausibly allege that she could perform the essential functions of her position with reasonable accommodation *and* that [Defendant] refused to make sure accommodation." (ECF No. 13 at 8.) While the Court agrees with Defendant that the Report's analysis is lacking in this regard, after *de novo* review, the Court agrees with the Magistrate Judge's ultimate conclusion that Plaintiff's allegations are sufficient to allege a claim for failure to accommodate.

First, as to accommodations that would have permitted Plaintiff to perform the essential functions of her job, Plaintiff's complaint clearly alleges that "Plaintiff was qualified for the position which she held with Defendant and capable of performing her duties; essential or otherwise," and that "Plaintiff would have been able to continue to perform the functions of her position had her reasonable accommodations been adopted by Defendant." (ECF No. ¶¶ 55, 58.) Plaintiff's complaint also lists a number of accommodations:

a. Modification or adjustment of the work environment;

b. Modified work schedules;

c. Implementing policy restricting certain food from workplace;

d. Post signs about workplace that certain foods are prohibited and/or enforcing those notices;

e. Modifying workplace policies to allow people to eat in certain secluded areas;

> f. Allow flexible scheduling so Plaintiff is not around multiple and/or offending co-workers;
>
> g. Such accommodations to allow Plaintiff to keep medication and access to emergency care close by
>
> h. Permission to keep Plaintiff's cellphone on her for emergency contact;
>
> i. Other such accommodations as may be discovered or presented at trial.

(ECF No. 1-1 ¶ 56.)

As to Defendant's alleged refusal to make any such accommodations, Plaintiff alleges the following:

> 57. Defendant declined or failed to engage in a meaningful discussion of alternatives or accommodations regarding Plaintiff's workspace being free of allergens, or, otherwise, engage in a good faith interactive process to resolve the same, to accommodate Plaintiff's requests for an allergen free space to eat her lunches and/or effect the essential functions of her employment safely.
>
> 58. Plaintiff would have been able to continue to perform the functions of her position had her reasonable accommodations been adopted by Defendant.
>
> 59. Defendant failed and/or refused to provide reasonable accommodations to Plaintiff for her Disability and terminated her employment because of her Disability.

(*Id.* ¶¶ 57-59; *see also id.* ¶ 49 ("On May 15, 20221, Plaintiff was informed by the Human Resources Director via email [ ] that, '[Defendant would be] unable to reasonably accommodate [Plaintiff] in [her] current job. or other jobs at the airport due to the nature and location of [their] work.'").)

After *de novo* review, therefore, the Court finds the allegations of Plaintiff's complaint sufficient to state a plausible claim for failure to accommodate, and the Court is not convinced by Defendant's objections to the contrary. Accordingly, the Court finds that Defendant is not entitled to dismissal of Plaintiff's complaint at this time.

## **CONCLUSION**

Based on the foregoing, the Court adopts the Magistrate Judge's recommendation (ECF No. 12) and denies Defendant's motion to dismiss (ECF No. 5).

**IT IS SO ORDERED.**

                                            s/Bruce H. Hendricks
                                            United States District Judge

February 2, 2024
Charleston, South Carolina